

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2014

# Harry Smith v. Francis Rebstock

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-4089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"Harry Smith v. Francis Rebstock" (2014). *2014 Decisions.* Paper 626.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/626

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4089
_____

HARRY F. SMITH,
                                        Appellant

v.

FRANCIS F. REBSTOCK; EUGENE EDWARD T. MAIER;
DAMIEN SAMMONS; KATHERINE LEWIS; FELINA GUSTOSON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-01515)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2014
Before: JORDAN, COWEN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 25, 2014)
_____

OPINION
_____

PER CURIAM

        Harry F. Smith ("Smith") appeals pro se from the District Court's order dismissing

his civil rights complaint.  We will affirm.

## I.

In 2010, Smith filed a pro se complaint in the United States District Court for the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 1983, naming as defendants Philadelphia Court of Common Pleas Judge Eugene Edward T. Maier; Magistrate Francis Rebstock; Assistant District Attorney Damien Sammons; and Philadelphia Department of Human Services social workers Katherine Lewis and Felina Gustoson. He alleged that, through their roles in his criminal trial for various sexual offenses,[1] the defendants maliciously prosecuted him, held him on bail "without reasonable grounds," and defamed him in violation of his constitutional rights, and he sought compensatory and punitive damages.

Rebstock and Maier filed motions to dismiss, which the District Court granted on 11th Amendment and judicial immunity grounds. The District Court subsequently granted Lewis's motion to dismiss.[2] Then, acting pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court sua sponte dismissed Smith's complaint and remaining claims against Gustoson and Sammons as legally frivolous. Smith timely appeals.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary

---

[1] He was acquitted of all charges.

[2] Smith appealed the District Court's orders dismissing his claims against Rebstock, Maier, and Lewis, and we affirmed in Smith v. Rebstock, 465 F. App'x 210, 212 (3d Cir. 2012) (per curiam). Smith later appealed the District Court's denial of his request for default judgment against Sammons and Gustoson, but we summarily affirmed that order

2

review over the District Court's dismissal of Smith's complaint.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  A federal court may properly dismiss an action sua sponte under the screening provisions of § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks omitted).  In conducting our review, we liberally construe Smith's pro se filings.  See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

For the reasons stated in the District Court's September 19, 2013 order, Sammons is immune from damages stemming from his role in prosecuting Smith on behalf of the Commonwealth.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  And, as the District Court discussed in its August 4, 2011 memorandum granting Lewis's motion to dismiss, Smith's complaint fails to state a claim against Gustoson.  See Hill v. Bor. of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006).  Accordingly, we will affirm the District Court's September 19, 2013 order.

---

in Smith v. Rebstock, 477 F. App'x 884 (3d Cir. 2012) (per curiam).